# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 29, 2010

No. 09-11016
Summary Calendar

Lyle W. Cayce
Clerk

KEVIN D. MOORE,

Plaintiff-Appellant,

versus

204TH DISTRICT COURT, DALLAS COUNTY, TEXAS;
DALLAS COUNTY CLERK OF THE COURT; STATE OF TEXAS,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:08-CV-2281

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Kevin Moore, Texas prisoner # 36285-177, moves this court to proceed *in*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*forma pauperis* ("IFP") in this appeal from the dismissal of his 42 U.S.C. § 1983 complaint. The district court dismissed the complaint because it was based on a violation of state law and presented no constitutional issue. The court denied Moore leave to proceed IFP on appeal, certifying that the appeal was not taken in good faith. Moore's IFP motion is a challenge to that certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Moore does not address the district court's reasons for dismissing the complaint. Because he fails to identify error in the district court's analysis, any argument is abandoned. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Moore has not shown that he will present a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion to proceed IFP is denied, and the appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Both dismissal of the initial complaint and the dismissal of this appeal as frivolous count as strikes under 28 U.S.C. § 1915(g). Moore is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.